## S00A0527. JEFFRIES v. THE STATE.
(530 SE2d 714)

SEARS, Justice.

The appellant, James Jeffries, was convicted of the malice murder of Vanessa Sanderson, of burglary, and of possession of a firearm during the commission of a crime.[1] On appeal, he contends, among other things, that the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel. Finding no merit either to this contention or to the other contentions that Jeffries raises, we affirm.

Jeffries and the victim met in 1993. At that time, the victim had a one-year-old child from a previous relationship. After dating for a period of time, Jeffries and Sanderson moved in together. In 1997, after Jeffries was indicted for aggravated stalking, burglary, and terroristic threats based upon allegations made by the victim, Jeffries moved out of the couple's home. By that time, the couple had a child of their own. There was evidence that on the evening of February 13, 1998, Jeffries followed the victim and a male companion with whom she had a date, driving behind them in a black Mercedes. Moreover, Latanya Branch, a neighbor of the victim, testified that at about 10:00 or 10:15 p.m., on February 15, 1998, she saw Jeffries drive by the victim's home in a black Mercedes. She stated that he slowed down in front of the home and then drove away. At 11:30 p.m. on February 15, 1998, a next-door neighbor of the victim, Anthony Dulling, heard a woman's scream, followed by four gunshots. At 11:57 p.m., Jeffries called the victim's cousin, and left a message on the answering machine, stating "I just want you to know whatever happened tonight . . . is . . . your and her fault. . . . I blame the whole thing on you. So you're going to have to live with it." At 12:01 a.m., Jeffries

---

[1] The crimes occurred on February 15, 1998. Jeffries was indicted on February 26, 1998, and was found guilty on October 19, 1998. That same day, the trial court sentenced Jeffries to life in prison for malice murder, to ten consecutive years in prison for burglary, and to five consecutive years in prison for the possession offense. Jeffries obtained new counsel for appeal, and on November 6, 1998, Jeffries filed a motion for new trial. The court reporter certified the trial transcript on April 23, 1999, and Jeffries filed an amended motion for new trial on September 2, 1999. The trial court denied Jeffries' motion for new trial, as amended, on September 13, 1999. Jeffries filed a notice of appeal on September 22, 1999, and the appeal was docketed in this Court on December 14, 1999. The appeal was orally argued on March 20, 2000.

called the victim's sister, and stated "I'm sorry about this, except I hate you all wouldn't accept me in the family." At 1:45 a.m., two neighbors who lived across the street from the victim's house noticed that her front door was open and that the glass on her back door was shattered. They called the police when she did not respond after they called her name. The police entered the victim's house shortly thereafter, and found the victim dead, lying at the foot of her bed. One of her children was asleep on the bed with her and the other child was asleep in another bedroom. Upon further investigation, the police learned that Jeffries had called the victim's house on the night of her death, and that the victim had called police earlier that same day to inform them that her ex-boyfriend was threatening to kill himself and had previously threatened to kill her. The police subsequently located Jeffries' car at his aunt's home, where Jeffries lived. When the police arrived there, they saw a suicide note on the dashboard of Jeffries' Mercedes. Obtaining a key from Jeffries' aunt, police entered the residence to find Jeffries holding a gun to his chest, threatening to kill himself. After four hours of negotiations, the handgun was taken from Jeffries and he was arrested. During the standoff, Jeffries stated "my mother would rather see me dead than be in prison for what I did last night." Forensic evidence established that the victim died from three gunshot wounds, and that the bullets that were recovered from the crime scene had been fired from the gun taken from Jeffries at the time of his arrest.

1. Jeffries contends that the evidence is insufficient to support his convictions. However, having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Jeffries guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Jeffries also contends that his trial counsel was ineffective for failing to object to the State's introduction into evidence of an entry from Sanderson's diary that stated that Jeffries followed her and attacked her on May 12, 1997. Although we conclude that this entry was inadmissible hearsay,[3] we also conclude that, even if trial counsel's performance was deficient in failing to object to it, Jeffries has failed to carry his burden to establish the prejudice necessary to prevail on his ineffectiveness claim.[4] In this regard, Jeffries had to demonstrate that, but for counsel's deficient performance, there is a reasonable likelihood that the result of the trial would have been dif-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Fetty v. State*, 268 Ga. 365, 369-370 (489 SE2d 813) (1997).

[4] *Rodriguez v. State*, 271 Ga. 40, 45-46 (518 SE2d 131) (1999); *Columbus v. State*, 270 Ga. 658, 660-662 (513 SE2d 498) (1999).

ferent.[5] Because the entry from the diary was cumulative of other properly admitted evidence of the victim's prior difficulty with Jeffries on May 12, 1997, we conclude that even if the entry from the diary had been excluded from evidence, there is no reasonable probability that the result of the trial would have been different.[6]

3. In another enumeration of error, Jeffries contends that he received ineffective assistance of trial counsel because counsel failed to object to a statement by the prosecutor that Jeffries contends constituted an improper comment on the evidence. We conclude, however, that the prosecutor's statement was not an improper comment on the evidence; that Jeffries has failed to demonstrate that he suffered any prejudice from the statement; and that, for these reasons, there is no merit to Jeffries' contention that he received ineffective assistance of counsel because counsel did not object to this statement.[7]

4. Jeffries further contends that trial counsel provided ineffective assistance by failing to object to what Jeffries contends was improper opinion testimony elicited by the prosecutor during the testimony of a Detective Henry. For the reasons that follow, we find no merit to this contention.

During the cross-examination of Detective Henry, as well as his cross-examination of other detectives, defense counsel asked a series of questions concerning whether the police had too quickly focused their investigation on Jeffries to the exclusion of other suspects. During the re-direct examination of Detective Henry, the prosecutor asked the detective whether "based on everything you know including your personal investigation and the data you have assembled from other sources do you think maybe you've got the wrong guy?" Detective Henry responded that he did not think so. Defense counsel then concluded this line of questioning by asking Detective Henry on re-cross-examination about what "efforts he had made to come across additional suspects" and about whether he had "weaved [his] web to support your focus [on Jeffries]."

We conclude that we need not decide whether Detective Henry's testimony that he did not have "the wrong guy" was improper opinion testimony. The reason is that, even assuming the testimony was improper and even assuming that defense counsel performed deficiently in failing to object to it, we conclude that, given the overwhelming evidence of guilt, there is no reasonable probability that the result of the trial would have been different if defense counsel had objected to the testimony and it had been excluded from evi-

---

[5] *Rodriguez*, 271 Ga. at 45-46; *Columbus*, 270 Ga. at 660.

[6] *Rodriguez*, 271 Ga. at 45-46; *Columbus*, 270 Ga. at 661-662.

[7] See *Rodriguez*, 271 Ga. at 45-46; *Columbus*, 270 Ga. at 661-662.

dence.[8]

5. Jeffries additionally contends that he received ineffective assistance of counsel because, although defense counsel moved for a directed verdict after the close of the State's evidence, he failed to do so at the end of the evidentiary phase of the trial, thus precluding Jeffries from contesting the sufficiency of the evidence on appellate review. Jeffries, however, is simply incorrect that the failure to move for a directed verdict at the close of the evidence precludes Jeffries from contending on appellate review that the evidence is insufficient to support the verdict.[9]

6. In another enumeration of error, Jeffries essentially contends that, in various ways, the victim's oldest son did not understand the nature of an oath, and that the trial court therefore erred in concluding that the child was competent to testify. This contention, however, is without merit, as OCGA § 24-9-5 (b) excepts a child from such a competency challenge.[10]

For the foregoing reasons, we affirm Jeffries' convictions.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 2000 —
RECONSIDERATION DENIED JUNE 29, 2000.

*Bruce S. Harvey, David S. West,* for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

[8] See *Mobley v. State,* 271 Ga. 577, 578 (523 SE2d 9) (1999); *Wright v. State,* 267 Ga. 496, 497 (480 SE2d 13) (1997).

[9] See OCGA § 5-6-36 (a) ("The entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court."). See also *Gilman Paper Co. v. James,* 235 Ga. 348, 350 (219 SE2d 447) (1975). Moreover, we note that Jeffries raised the sufficiency of the evidence in this appeal, and that the issue has been resolved on the merits by this Court. See Division 1 of this opinion, supra.

[10] *Norton v. State,* 263 Ga. 448, 449-450 (435 SE2d 30) (1993).