A06A1670. ARNOLD v. THE STATE.
(645 SE2d 68)

BARNES, Chief Judge.

Dwight Arnold appeals his convictions for armed robbery, kidnapping, rape, and aggravated sexual battery. He was sentenced as a recidivist to serve a life sentence without possibility of parole. He contends the evidence is insufficient to prove venue in the jurisdiction in which he was convicted. He also contends the trial court erred by not charging on venue, by failing to hold a hearing and requiring him to proceed with his appointed counsel or proceed pro se, by removing him from the courtroom, and by limiting his examination of a witness

about pending criminal charges. He further contends his defense counsel was ineffective. Finding no reversible error, we affirm Arnold's convictions.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that on the night in question the victim was loading her car outside of her apartment near Piedmont Park in the City of Atlanta when she was approached by a short man, with his face covered, brandishing a silver pistol. The man also wore dark socks over his hands. Pointing the pistol at her head, the man forced the victim inside her car, covered her head and drove away.

The victim could not see where they were going, but at trial she gave a general description of the directions of the turns made and the time elapsed. Finally, the car stopped near a brick building where the man sexually assaulted and raped her. The man penetrated the victim's anus and vagina with his finger and then raped her; he was not wearing a condom. When he was finished the man wiped the area of the victim's vagina with one of the socks.

After the attack, the man then drove away with the victim still in the car with her face covered. They might have driven on a freeway, and the driving time seemed longer than the time it took to drive from the victim's apartment to the scene of the rape. Eventually, the man stopped the car near East Point, let the victim out, and then drove away in her car. The victim went to a nearby residence and called the police. After the police arrived, the victim was taken to the hospital where biological swab samples were taken from her. The victim never saw her attacker's face. At trial, a Georgia Bureau of Investigation forensic biologist testified that the DNA of the sperm taken from the victim's swabs matched that taken from a sample of Arnold's blood.

About a week later, Arnold was apprehended after fleeing from the victim's car following a rear-end collision with a police car. Arnold brandished a silver pistol, which was recovered after he dropped it during the chase. At the time Arnold was wearing the same black socks on his hands.

Arnold testified in his own defense, denying that he committed the crimes, denying that he ran away from the officer, and denying that he had the silver handgun. He also presented witnesses in support of his alibi defense.

1. He contends the evidence is insufficient to prove venue in the jurisdiction in which he was convicted. Although Arnold has not challenged the sufficiency of the evidence other than that to prove venue, the evidence, discussed above, was sufficient to prove Arnold's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Venue is a jurisdictional fact that

[the prosecution] must . . . prove[ ] . . . beyond a reasonable doubt," (footnote omitted) *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998), but it is "not an element of the offense and does not prove or disprove the defendant's guilt." (Citation omitted.) *Grier v. State*, 275 Ga. 430, 431 (1) (569 SE2d 837) (2002).

Even though the victim was unable to testify with precision in which county the attack took place, she was not required to do so to establish the proper venue. Her testimony established that she was abducted from and returned to Fulton County and that Arnold robbed her of her automobile at gunpoint in Fulton County. Under our law, "[i]f in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." OCGA § 17-2-2 (h). As the evidence shows beyond a reasonable doubt that the rape and aggravated sexual battery might have been committed in Fulton County, this was sufficient to establish Fulton County as the proper venue.

2. Arnold's contention that the trial court erred by not charging on venue is without merit.

> The State presented direct evidence that the crimes were committed in Fulton County, the county in which the case was tried; the trial court gave a complete charge on reasonable doubt; and it also instructed the jury that the crimes as alleged in the indictment must be proven beyond a reasonable doubt. The indictment clearly stated that the crimes were committed in Fulton County. Although a separate charge on venue would have been preferable, we continue to apply binding precedent[,] *Harwell v. State*, 230 Ga. 480 (1) (197 SE2d 708) (1973); *Forehand v. State*, 235 Ga. 295 (3) (219 SE2d 378) (1975); *Wright v. State*, 191 Ga. App. 392 (1) (381 SE2d 601) (1989), and decline to reverse the conviction on that basis.

(Citations and punctuation omitted.) *Woodard v. State*, 278 Ga. 827, 830 (5) (607 SE2d 592) (2005).

3. Arnold also contends the trial court erred by failing to hold a hearing and requiring him to proceed with his appointed counsel or proceed pro se. This was the fourth appointed defense counsel to represent Arnold. The previous three attorneys were replaced at his request. The transcript shows that when Arnold sought to replace his defense counsel at the start of the trial, the trial court had an on-the-record discussion with Arnold and his counsel. At the conclusion of the hearing, Arnold withdrew his request for another counsel by stating, "I don't have no problem with him representing me."

> [T]he transcript is clear that [Arnold] did not request coun-sel of his own choosing nor was he denied the right to represent himself. [At most, Arnold] requested that the court discharge his present trial counsel and appoint an-other. The trial court, after inquiring into defense counsel's efforts on behalf of his client, determined that counsel had prepared adequately to defend [Arnold] at trial and told [Arnold] he could either accept the services of his appointed counsel or represent himself.

*Battle v. State*, 234 Ga. App. 143, 144 (2) (505 SE2d 573) (1998).

4. Although Arnold also contends the trial court erred by remov-ing him from the courtroom during a critical stage of the proceeding, the trial transcript does not support this claim. The transcript shows that while the jury was deliberating, the trial judge and counsel for both parties were discussing the exhibits that were introduced in evidence. Contrary to Arnold's argument, the jury had left the courtroom. Arnold interrupted the discussion, as he had previously during the trial, and finally the trial court said, "Take him out." Arnold's defense counsel immediately objected, but the trial court stated, "Take him out of here." The transcript, however, does not show that Arnold left the courtroom, and within 11 lines of transcript the jury appears with its verdict. Later in the proceedings, without any notation in the record that Arnold had returned to the courtroom, he is speaking on the record.

At the hearing on Arnold's motion for a new trial, however, his trial defense counsel testified that Arnold was removed from the courtroom and put in a holding cell. Even though the defense counsel testified that his recollection was that this occurred in front of the jury, that recollection is contrary to the transcript which shows that the jury had left the courtroom. Further, the transcript does not show that anything occurred during the time that Arnold would have been out of the courtroom, other than a discussion between the court and counsel about the evidence while the jury deliberated. Contrary to Arnold's argument, the transcript does not show that he was absent during a recharge to the jury, and Arnold does not allege that he was not present when the jury returned with its verdict.

> Pursuant to Art. I, Sec. I, Par. XII of the Georgia Constitu-tion, "it is the legal right of a person accused of crime in this State to be present at all stages of his trial." The accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and legal would,

in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice.

(Citations and punctuation omitted.) *Goodroe v. State*, 224 Ga. App. 378, 380 (1) (480 SE2d 378) (1997). This rule, however, does not apply to every stage of the trial, but only the critical stages of the proceedings. Our Supreme Court, quoting the United States Supreme Court in *Snyder v. Massachusetts*, 291 U. S. 97 (54 SC 330, 78 LE 674) (1934), has held that "the presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." (Punctuation omitted.) *Fowler v. Grimes*, 198 Ga. 84, 91 (3) (31 SE2d 174) (1944). Given what transpired during the brief period that Arnold was absent from the courtroom, we do not find this to have been a critical stage of the proceedings requiring his presence. *Brumelow v. State*, 239 Ga. App. 119, 124 (7) (520 SE2d 776) (1999).

5. Arnold also alleges the trial court erred by limiting his examination of a witness about pending criminal charges. Our law is clear that a defendant is entitled to cross-examine a State's witness about pending criminal charges to show the witness's bias. *Hines v. State*, 249 Ga. 257, 260 (2) (290 SE2d 911) (1982). It is not clear, however, that a defendant is entitled to impeach his own witness in that manner, and we refuse to extend that rule to the witness in this case in which Arnold did not show that he was surprised or "entrapped by [the] witness['s] previous contradictory statement." OCGA § 24-9-81; *Paradise v. State*, 212 Ga. App. 166, 169 (3) (441 SE2d 497) (1994). The cases on which Arnold relies are all cases in which the witness was called by the State, not the defense. Accordingly, this enumeration of error is without merit. In any event, considering the DNA evidence showing that Arnold committed the rape, any error in limiting Arnold's examination of his own witness was harmless beyond a reasonable doubt. *State v. Hightower*, 236 Ga. 58, 60 (222 SE2d 333) (1976).

6. Finally, Arnold contends his defense counsel was ineffective because he failed to prepare a defense or prepare witnesses for trial, especially himself, failed to obtain medical records of the victim and Arnold, failed to challenge the DNA's chain of custody, failed to challenge venue or offer a jury charge on venue, and failed to move for mistrials and withdraw as counsel.

As Arnold's brief contains no argument on his allegations that his defense counsel failed to challenge the DNA's chain of custody, failed to challenge venue, failed to offer a jury charge on venue, and failed to move for mistrials and withdraw as counsel, those issues are deemed abandoned. Court of Appeals Rule 25 (c) (2). Moreover, we

found in Divisions 1 and 2 that the State had proved venue in Fulton County and the trial court did not commit reversible error in failing to charge on venue, sua sponte.

On the remaining issues, to establish that he was deprived of the effective assistance of counsel, Arnold was required to show that not only was his counsel's performance deficient, but that the deficiency resulted in prejudice to him. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988). And, this court "will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless the finding is clearly erroneous." (Citation omitted.) *Johnson v. State*, 280 Ga. App. 341, 343 (3) (634 SE2d 134) (2006). Nevertheless, "*Strickland* does not require that we inquire first into the alleged deficiency in counsel's performance, or even address the issue at all, if we find that no prejudice has been shown, that is, that there is no reasonable probability that the outcome would have been different. . . ." (Citations omitted.) *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

> [P]retermitting whether the performance of [Arnold]'s trial defense counsel was deficient within the meaning of *Strickland*, the question remains whether a reasonable probability exists that the outcome of his case would have been different but for counsel's performance. *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642) (1989). After examining the record and transcript in their totality and measuring the strength of the evidence against [Arnold]'s allegations of ineffectiveness, we find no reasonable probability exists that the outcome would have been different.

*Maskivish v. State*, 276 Ga. App. 701, 706 (5) (624 SE2d 160) (2005). In particular, we note that not only did the original DNA results show that Arnold committed the rape of the victim, but that the second test conducted at his request also showed that the rape was committed by Arnold or his identical twin.

Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Andrews, P. J., concurs and Bernes, J., concurs and concurs in judgment only as to Division 5.*

DECIDED MARCH 28, 2007.

*Laurence H. Margolis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.