### A10A1578. GOSS v. THE STATE.
#### (699 SE2d 819)

MIKELL, Judge.

Mark Goss was convicted of child molestation and acquitted of aggravated sexual battery. On appeal, Goss challenges the sufficiency of the evidence and argues that his trial counsel was ineffective. For the reasons stated below, we affirm Goss's conviction.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict."[1] So viewed, 17-year-old J. G. testified that Goss molested her when she was 14 years old. Specifically, J. G. testified that she was knocking on a neighbor's door, when Goss, who also lived in her neighborhood, approached her, and led her by her arm to the side of the house where he kissed her, rubbed her vagina, bottom, and her back and chest, and inserted

---

[1] (Citation and punctuation omitted.) *Matlock v. State*, 302 Ga. App. 173 (690 SE2d 489) (2010).

his finger into her vagina. Also admitted into evidence was Goss's statement that J. G. initiated contact by grabbing and rubbing his penis; that "[he] rubbed her on her vagina at the top of her hair area"; and that he had an erection but came to his senses, stopped, and told J. G. that he was not going to touch her that way again.

1. Goss argues that his conviction should be reversed because the evidence was disputed, casting doubt on J. G.'s credibility. On appeal, however,

> [w]e neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[2]

It is for the jury "to choose what evidence to believe and what to reject. Issues regarding the credibility of witnesses are in the sole province of the jury and only the jury may analyze what weight will be given each witness's testimony."[3] Goss points us to evidence that J. G. told the police that Goss put his penis in her vagina and then recanted at trial, but even evidence of a recantation at trial requires a credibility determination, which is within the province of the jury, not this court.[4]

"A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[5] Here, J. G. testified that Goss touched her inappropriately, and Goss admitted in his statement that he touched J. G.'s vagina and became aroused during their interaction. This evidence was sufficient to support Goss's conviction for child molestation.

2. In two enumerations of error, Goss maintains that his trial counsel was ineffective because he failed to adequately investigate the case, object to the admission of a narrative, and request a charge on simple sexual battery as a lesser included offense of child molestation. We disagree.

---

[2] (Citations omitted.) *Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009).

[3] (Punctuation and footnote omitted.) *Lamb v. State*, 293 Ga. App. 65, 67 (666 SE2d 462) (2008).

[4] *Purvis v. State*, 301 Ga. App. 648, 650 (1) (689 SE2d 53) (2009).

[5] OCGA § 16-6-4 (a) (1).

To establish ineffective assistance of counsel under *Strickland v. Washington*[6] a defendant must demonstrate (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. To make that showing, [Goss] must rebut the strong presumption that his lawyer's conduct falls within the wide range of reasonable professional assistance. As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous.[7]

Before we address Goss's specific claims of ineffective assistance, we note that the jury acquitted him of aggravated sexual battery. "This circumstance strongly supports the conclusion that the assistance actually rendered by [his] trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render."[8]

(a) *Failure to obtain documents.* Goss argues that he received ineffective assistance of counsel because his trial counsel failed to obtain several documents, including DFACS, school, medical, and mental health records of J. G. as well as the disciplinary, training, and personnel records of law enforcement personnel who investigated the case. Goss's brief simply lists these alleged failures of trial counsel, but it does not contain argument or citation of authority in support of each alleged ground of ineffectiveness. Therefore, this claim of error is deemed abandoned.[9]

(b) *Failure to object to narrative.* Goss contends that his trial counsel should have objected to the admission of a narrative of an interview of Goss conducted by Captain James Fleming of the Royston Police Department on the grounds that it constituted inadmissible hearsay. According to the narrative, Goss told Fleming that he had never touched J. G. in any way except hugging her once or twice when she was at his home doing his daughter's hair. Fleming

---

[6] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] (Punctuation and footnotes omitted.) *Bazin v. State*, 299 Ga. App. 875, 876-877 (683 SE2d 917) (2009).

[8] (Punctuation and footnote omitted.) *Grier v. State*, 276 Ga. App. 655, 662 (4) (624 SE2d 149) (2005).

[9] Court of Appeals Rule 25 (c) (2); *Arnold v. State*, 284 Ga. App. 598, 602 (6) (645 SE2d 68) (2007); *Cail v. State*, 287 Ga. App. 547, 551 (3), n. 4 (652 SE2d 190) (2007).

also testified to this effect. Although we conclude that the narrative was inadmissible hearsay,[10]

> we also conclude that, even if trial counsel's performance was deficient in failing to object to it, [Goss] has failed to carry his burden to establish the prejudice necessary to prevail on his ineffectiveness claim. In this regard, [Goss] had to demonstrate that, but for counsel's deficient performance, there is a reasonable likelihood that the result of the trial would have been different.[11]

In light of evidence of Goss's statement that he touched J. G.'s vagina and became sexually aroused, we conclude that even had the narrative been excluded from evidence, there is no reasonable probability that the outcome of the trial would have been different.[12]

Also included in this enumeration of error is Goss's contention that trial counsel was ineffective because he failed to introduce the standards that apply to the police investigation of a sexual assault case. "When, as here, an appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted within the single enumeration."[13] We exercise our discretion and address this contention.

Goss argues that had the standards been introduced, the jury would have determined that the police investigation was woefully inadequate, and consequently, potentially exculpatory evidence could have come to light that was not introduced at trial. This is a leap of logic that we simply cannot make in light of the evidence presented by the victim and Goss's statement. As Goss has not shown that a reasonable probability exists that the outcome of the case would have been different had this evidence been introduced, this claim of ineffectiveness fails.[14]

(c) *Failure to request a charge on a lesser included offense.* Goss argues that his trial counsel failed to request a jury charge on sexual battery as a lesser included offense of child molestation. "Sexual battery may be a lesser included offense of child molestation, but

---

[10] *Brown v. State*, 274 Ga. 31, 33-34 (1) (549 SE2d 107) (2001); *Porter v. State*, 290 Ga. App. 113, 114 (1), n. 5 (658 SE2d 893) (2008) ("narrative portions of a police report are hearsay and not generally admissible") (citation omitted).

[11] (Footnotes omitted.) *Jeffries v. State*, 272 Ga. 510, 511 (2) (530 SE2d 714) (2000) (entry in victim's address book that defendant attacked her was inadmissible hearsay).

[12] See id. at 512 (2).

[13] (Citations and punctuation omitted.) *Toledo v. State*, 216 Ga. App. 480, 482 (4) (455 SE2d 595) (1995).

[14] See *Jeffries*, supra.

there is no error in failing to give the charge if the state's evidence establishes all the elements of an offense, and there is no evidence raising the lesser offense."[15] Additionally, where the indictment alleges child molestation and the evidence at trial shows an intentional touching without the intent necessary to prove child molestation, a charge on sexual battery as a lesser included offense would be required.[16] In the instant case, however, all of the elements of child molestation were established by the victim's testimony and Goss's admission. Thus, even had trial counsel requested the charge on sexual battery, the trial court would have been authorized to refuse it.[17] Moreover, had the charge been requested by counsel and given by the trial court, "it is highly unlikely in light of the evidence that the jury would have concluded that [Goss] inappropriately touched the victim but did not do so for sexual gratification, and therefore, it is highly probable that the failure to give this charge did not contribute to the verdict."[18] Accordingly, this claim of ineffectiveness fails as well.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 3, 2010.

*Sean A. Black*, for appellant.
*Robert W. Lavender, District Attorney*, for appellee.

---

[15] (Punctuation omitted.) *Hilliard v. State*, 298 Ga. App. 473, 475 (2) (680 SE2d 541) (2009), citing *McGruder v. State*, 279 Ga. App. 851, 855-856 (2) (b) (632 SE2d 730) (2006).

[16] See *Walker v. State*, 279 Ga. App. 749, 751 (3) (a) (632 SE2d 482) (2006). Accord *Linto v. State*, 292 Ga. App. 482, 486 (4) (664 SE2d 856) (2008).

[17] See *Walker*, supra at 752 (3) (a) (elements of child molestation established by victim's testimony about the "kissing part" of her encounter with the defendant).

[18] (Citation and punctuation omitted.) *McGruder*, supra at 856 (2) (b).