## A10A1853. WILKES v. THE STATE.
### (702 SE2d 922)

MIKELL, Judge.

Following a jury trial, John Lafayette Wilkes was acquitted of aggravated assault and convicted of armed robbery, two counts of theft by taking, and obstructing an emergency telephone call. He was sentenced to 30 years, with 20 to serve. On appeal, Wilkes challenges the sufficiency of the evidence. We affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence."[1] So viewed, the evidence shows that Waneka Jackson and Wilkes were social acquaintances in 2004 but then lost contact. Wilkes called Jackson in late October 2005, and they met for dinner. Jackson was pregnant, single, and recently unemployed. Wilkes told her that he had been hurt on his job and that his apartment had burned down while he was in the hospital. Wilkes claimed that he was staying with a friend, and Jackson offered to drive him home after dinner, as he had no car. The friend did not appear to be at home, however, and Jackson allowed Wilkes to stay at her apartment.

Several days later, Wilkes asked to borrow Jackson's car, but she refused as she needed the car to drive to a revival service. After the service, Jackson returned home and went to bed. Wilkes was sleeping on the living room sofa. At around 5:00 a.m., the father of Jackson's unborn child called her. After Jackson ended the call, Wilkes entered her room and demanded to be driven to Decatur. When Jackson refused, Wilkes began pacing between the living room and her bedroom and stated, "You're going to take me to Decatur now." Jackson became afraid of Wilkes and called 911 from her cell phone. When Wilkes overheard Jackson whispering her address to the operator, he entered her room with a gun and screamed, "I know you're not calling the police on me," and snatched the phone from

---

[1] (Punctuation and footnote omitted.) *Scott v. State*, 297 Ga. App. 577 (677 SE2d 755) (2009).

her hand. Then Wilkes disconnected the call, pointed the gun at Jackson's head, and demanded her car keys. When he pointed the gun at Jackson's belly, she disclosed that the keys were in her Bible. Wilkes could not find the keys in the Bible's carrying case, so he ordered Jackson to produce them, and she did. Wilkes then left, taking Jackson's keys, cell phone, and car. Jackson ran to a neighbor's apartment and called the police. The officer who responded to the call testified that Jackson provided a description of the stolen cell phone and vehicle. The officer called Jackson's number, and a man answered. Jackson recognized the man's voice as Wilkes's. Six months later, on May 3, 2006, Wilkes was stopped driving the stolen vehicle.

In assessing the sufficiency of the evidence to support a conviction, "[w]e do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt."[2] Moreover, "[t]he testimony of a single witness is generally sufficient to establish a fact."[3] Applying these guidelines, the evidence recounted above supports Wilkes's conviction on Counts 2 through 5. Count 2 of the indictment accused him of committing armed robbery by taking Jackson's car keys; Count 3 and Count 4 accused him of theft by taking her automobile and her cell phone; and Count 5 accused him of obstructing an emergency telephone call. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon."[4] Jackson testified that Wilkes forced her to give him her car keys at gunpoint, which authorized the jury to find Wilkes guilty of armed robbery.[5] "A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property."[6] Jackson testified that after Wilkes left her apartment with her car keys, she saw that her car was gone. He was arrested six months later driving her car. The jury was authorized to find from this evidence that Wilkes unlawfully took Jackson's automobile with the intention of depriving her of the property.[7] As for Count 4, misdemeanor theft by

---

[2] (Citation omitted.) *Valentine v. State*, 301 Ga. App. 630-631 (689 SE2d 76) (2009). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 24-4-8.

[4] OCGA § 16-8-41 (a).

[5] See *Jones v. State*, 279 Ga. 854, 857 (3) (622 SE2d 1) (2005).

[6] OCGA § 16-8-2.

[7] See *Jones*, supra at 858 (3); *Massalene v. State*, 224 Ga. App. 321, 324 (3) (480 SE2d 616) (1997).

taking, Jackson's testimony that Wilkes snatched her cell phone and took it with him, coupled with the officer's testimony showing Wilkes in possession of the phone, authorized the jury to find him guilty of theft by taking Jackson's cell phone.[8] Finally, regarding Count 5, OCGA § 16-10-24.3 provides that "[a]ny person who verbally or physically obstructs, prevents, or hinders another person with intent to cause or allow physical harm or injury to another person from making or completing a [911] telephone call . . . is guilty of a misdemeanor." The evidence adduced on this count shows that when Wilkes overheard Jackson calling 911, he screamed at her, snatched the phone from her hand, disconnected the call, and brandished a gun. This evidence authorized the jury to find Wilkes guilty of obstruction of a 911 call.[9]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 17, 2010.

*Lawrence W. Daniel*, for appellant.
*David McDade, District Attorney, Jeffrey L. Ballew, James A. Dooley, Assistant District Attorneys*, for appellee.

---

[8] See *Jackson v. State*, 301 Ga. App. 863, 865 (690 SE2d 195) (2010).
[9] See *Hooker v. State*, 278 Ga. App. 382, 383 (1) (629 SE2d 74) (2006).