**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**December 13, 2013**

# In the Court of Appeals of Georgia

A13A1783. CLARKE v. THE STATE.

MILLER, Judge.

Following a jury trial, Oniel Warren Clarke was convicted of two counts of financial transaction card fraud (OCGA § 16-9-33 (a) (2) (D)). Clarke appeals from the denial of his motion for new trial, contending that the trial court erred in denying his motions to strike two jurors for cause. For the reasons that follow, we affirm.

Viewed in the light most favorable to the jury verdict,[1] the evidence shows that in October 2007, Clarke visited a Rick Case dealership to have service performed on his vehicle. Clarke was billed $1,754.30 for the service, and he paid with a MasterCard credit card issued to another individual. When the true cardholder disputed the charge on the basis that it was unauthorized, Rick Case received a

---

[1] See *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

statement indicating that it would be charged for the transaction amount. Rick Case never received payment for the October 2007 service.

Several months later, in March 2008, Clarke returned to Rick Case to have additional service performed on his vehicle. Clarke was billed $3,095.95 for the service, and as a partial payment against this bill, he made an unauthorized charge of $745.95 on an American Express account belonging to another individual. The matter was referred to the police for investigation, and Clarke ultimately was charged with credit card fraud.

On appeal, Clarke contends that the trial court erred in denying his motions to strike two jurors who expressed bias and partiality. We disagree.

Whether to strike a juror for cause is within the sound discretion of the trial court, and we will not reverse a trial court's exercise of that discretion absent a manifest abuse of discretion. *Poole v. State*, 291 Ga. 848, 851 (3) (734 SE2d 1) (2012). Jurors are presumed to be impartial, and the challenger bears the burden of proving the juror's partiality. Id. at 852 (3). Before a potential juror can be disqualified for cause on the ground that his or her ability to be fair and impartial is substantially impaired, the challenger must show that a potential juror's opinion "is so fixed and definite that the juror will be unable to set the opinion aside and decide

the case based upon the evidence or the court's charge upon the evidence." (Citation omitted.) Id. at 852 (3). A juror's opinion of his qualification to serve is not determinative of the issue of his ability to be fair and impartial. Id. at 851 (3). Where there is some hint that a juror's ability to be fair and impartial is impaired, the trial court abuses its discretion by limiting inquiry into any potential bias. *Doss v. State*, 264 Ga. App. 205, 210 (4) (590 SE2d 208) (2003). The parties and the trial court are permitted to ask questions that might rehabilitate a juror, but it is improper to "browbeat the juror into affirmative answers to rehabilitative questions by using multiple, leading questions." (Footnote omitted.) Id. at 210-211 (4).

(a) Clarke first asserts that the trial court erred in failing to grant his motion to strike Juror 9. During voir dire, Juror 9 stated that three retail stores that he owned had experienced credit card fraud and other theft, and that his personal credit card and his wife's financial information had also been compromised. When the prosecutor asked Juror 9 whether he could be impartial and fair based on those experiences, Juror 9 responded, "Do you think so?," and then, "No." The prosecutor then asked the following questions:

> What you're saying is: If you had to sit and hear all of the witnesses testify and hear what they have to say, and then were given the law by the judge, do you think you could apply that law to the testimony you

3

hear and come to a legal decision in this case, being fair to both the defendant and the State? Do you think you can do that?

Juror 9 responded in the affirmative. Clarke also asked Juror 9 whether he could reach a verdict based solely on the evidence and law and not on his personal experiences. Juror 9 responded that he could.

Clarke moved to strike Juror 9 for cause, arguing that his "Do you think so?" comment revealed a clear bias and inability to be impartial. The trial court noted that Juror 9's initial response did not allay concerns about his impartiality. Nevertheless, the trial court found that Juror 9's subsequent statements revealed that he could be fair and impartial and, as a result, the trial court denied Clarke's motion to strike.

Although Juror 9 initially expressed doubt about his ability to be fair and impartial, he ultimately confirmed that he could be fair and impartial in reaching a verdict and that he would not let his past experiences affect his ability to reach a verdict. Additionally, while Juror 9, as a business owner, was the victim of credit card fraud, there is no per se rule excluding the victims of crime, even if the crime charged in the indictment is similar to the crime of which the potential juror was a victim. See *Doss*, supra, 264 Ga. App. at 211 (4). Contrary to Clarke's arguments, the prosecutor did not incessantly interrogate Juror 9 in an attempt to rehabilitate him. The

prosecutor asked only two follow-up questions, which were similar to the questions asked by Clarke. There is no evidence that the trial court limited inquiry or allowed the prosecutor to "browbeat" Juror 9. Additionally, Juror 9's answers to the prosecutor and to Clarke show that his opinion was not so fixed and definite that it could not be set aside to decide the case upon the evidence and the law. Under these facts, there was no manifest abuse of the trial court's discretion in not excusing Juror 9. See *Clarke v. State*, 292 Ga. 305, 308 (2) (737 SE2d 575) (2013) (although juror initially expressed some doubts about her impartiality, she ultimately confirmed that she was a fair person and did not want to let emotions affect her judgment).

(b) Clarke also challenges the denial of his motion to strike Juror 23, who stated that she was the victim of identity theft. Juror 23 stated that, as a result of the identify theft, she almost lost her house and had to go through "a lot of rigmarole." Juror 23 then expressed reservations about her impartiality, stating she hoped she would be alright. Although indicating doubts about her ability to remain impartial, Juror 23 stated that she was not leaning towards the defense or the State and that she believed she could limit her consideration to the law and the trial evidence.

Notwithstanding Juror 23's professed doubts about her ability to be impartial, her doubt did not demand as a matter of law that she be excused for cause. *Ellis v. State*, 292 Ga. 276, 284 (4) (b) (736 SE2d 412) (2013). Where, as here, the juror states that she will try to decide the case based on the evidence and law, excusing the juror for cause is not mandated. Id. Furthermore, the voir dire transcript does not reveal that Juror 23 was coercively rehabilitated or that she professed to have a fixed and definite opinion as to Clarke's guilt. Accordingly, the trial court did not abuse its discretion in denying Clarke's motion to strike Juror 23.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*