**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 30, 2020**

# In the Court of Appeals of Georgia

A20A0582. HAHN v. THE STATE

PIPKIN, Judge.

Jamie Patrick Hahn was convicted of five counts of child molestation, and he now appeals. Hahn contends that evidence of child pornography was improperly admitted under OCGA § 24-4 404(b) ("Rule 404(b)"); the jury should have been charged on the lesser included offense of sexual battery; the trial court erred in failing to merge the five convictions into a single count; he was improperly sentenced on all five counts; and that he was subjected to a vindictive prosecution. For the reasons stated below, we affirm Hahn's convictions but vacate his sentence, and we remand for resentencing.

Hahn was originally indicted on one count of child molestation and one count of aggravated child molestation in 2011. He initially pleaded guilty to a single count

of child molestation but, after a successful appeal to this Court, Hahn withdrew his guilty plea and demanded a trial by jury. See *Hahn v. State*, 338 Ga. App. 498 (790 SE2d 282) (2016). The prosecutor then filed a superseding indictment, dropping the count of aggravated child molestation and charging Hahn with a total of five counts of child molestation. A jury returned guilty verdicts on all counts. Viewed in a light most favorable to those verdicts, see *Wilkes v. State*, 306 Ga. App. 847, 847 (702 SE2d 922) (2010), the evidence presented below established as follows.

The victim was Hahn's eight-year-old stepdaughter. On at least five occasions, over a period of eight to ten months, Hahn visited the victim's bedroom, removed her clothing, and rubbed his penis on her vagina until he ejaculated. The victim reported the abuse to her maternal grandmother. Hahn was subsequently charged and arrested; while out on bond, he fled to Kentucky where he lived and worked under an assumed name. Hahn's true identity was discovered when his roommate called police to report finding child pornography on Hahn's computer. During a recorded interview with law enforcement in Kentucky, Hahn confessed to repeatedly molesting the victim in the same manner she described. Finally, the jury heard testimony that multiple semen stains were found on the victim's bedding and that they matched Hahn's DNA. With these facts in mind, we turn to Hahn's enumerations of error.

1. The trial court permitted the State, pursuant to OCGA § 24-4-404 (b), to introduce evidence that child pornography had been found on Hahn's computer; the evidence was admitted for the purpose of establishing motive and intent. Hahn argues on appeal that the evidence was not admitted for a "proper purpose" and that the trial court reached its decision[1] without first undertaking the balancing test required by OCGA § 24-4-403. We find no reversible error.

In order for evidence of other acts to be admissible under Rule 404(b), the evidence must (1) be relevant to some issue other than character; (2) satisfy the requirements of Rule 403; and (3) there must be sufficient evidence to permit a jury to conclude that the accused committed the other act in question. See *Olds v. State*, 299 Ga. 65, 69-70 (2) (774 SE2d 186) (2016). At issue here are the first two prongs. As to the first prong, the Rule itself "identifies a number of 'other purposes' for which evidence of other acts permissibly may be admitted," and the relevancy of such evidence is reviewed under OCGA § 24-4-401. *Olds*, 299 Ga. at 69-70. With respect

---

[1]While, this Court has held that evidence of other acts may be admitted for the purpose of establishing a defendant's propensity to commit certain crimes, under OCGA § 24-4-414, because the State did not move to admit the evidence under Rule 414, this Court shall not consider it. See *Dixon v. State*, 350 Ga. App. 211 (828 SE2d 427) (2019).

to the second prong, evidence offered for a proper purpose under this Rule must be excluded pursuant to OCGA § 24-4-403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." *Entwisle v. State*, 340 Ga. App. 122, 131 (2) (796 SE2d 743) (2017). A trial court's decision to admit evidence of other crimes will not be disturbed absent an abuse of discretion. *Chitwood v. State*, 352 Ga. App. 218, 224 (3) (834 SE2d 334) (2019).

While Hahn asserts that the trial court relied on decisions applying our former Evidence Code, the record squarely reflects that the trial court ultimately permitted the State to adduce the evidence for the purpose of showing intent and motive, which are acceptable purposes under OCGA § 24-4-404 (b). See *Kirby v. State*, 304 Ga. 472 (819 SE2d 468) (2018) (discussing intent and motive under OCGA § 24-4-404 (b)).

With respect to the second prong, "[w]e recognize that the trial court did not explicitly reference the balancing test in OCGA § 24-4-403 before admitting the evidence, "[b]ut [Hahn] argued below that the potential prejudice precluded its admission, and the trial court [thus] implicitly rejected his argument." *Chase v. State*,

4

337 Ga. App. 449, 455 (787 SE2d 802) (2016). Nevertheless, even if the trial court's ruling was erroneous, we cannot say that it amounts to reversible error.

"[I]n order to serve as a basis for reversing [Hahn's] convictions, the trial court's evidentiary error must have affected his substantial rights, i.e., it was not harmless." *Gaskin v. State*, 334 Ga. App. 758, 763 (1) (b) (780 SE2d 426) (2015)(Citations omitted).

> In Georgia, the standard for weighing nonconstitutional error in criminal cases is known as the "highly probable test," i.e., that it is highly probable that the error did not contribute to the judgment. Under that test, a reversal is not required if the evidence of guilt is overwhelming in that there is no reasonable probability that the verdict would have been different in the absence of this error.

*King v. State*, 346 Ga. App. 362, 369-370 (1) (816 SE2d 390) (2018).

Hahn has not offered any specific argument regarding the prejudicial impact of the other acts evidence and has failed to establish that the admission of the evidence was not harmless given the overwhelming evidence of his guilt. Here the evidence before the jury included the victim's testimony identifying Hahn as her molester, evidence of multiple semen stains on the victim's bedding matching Hahn's DNA, and Hahn's own recorded confession during a police interview . In light of the

5

incredible strength of evidence of Hahn's guilt, "there is no reasonable probability that the verdict would have been different in the absence of this error." Id.

2. Hahn contends that the trial court erred in failing to give a jury instruction on the lesser included offense of sexual battery. We disagree.

"[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). "Sexual battery may be a lesser included offense of child molestation, but there is no error in failing to give the charge if the state's evidence establishes all the elements of an offense, and there is no evidence raising the lesser offense." (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497, 500-501 (2) (699 SE2d 819)(2010).

A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person. OCGA §16-6-4 (a). In comparison, a person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person. OCGA § 16-6-22.1 (b).

"Where the indictment alleges child molestation and the evidence at trial shows an intentional touching without the intent necessary to prove child molestation, a charge on sexual battery as a lesser included offense would be required." *Goss* 305 Ga. App. at 501. Here, however, the evidence demonstrated that on numerous occasions, Hahn rubbed his penis against the vagina of the eight-year-old victim until he ejaculated. "In the instant case . . . all of the elements of child molestation were established by the victim's testimony and [Hahn's] admission." Id. "Therefore, the evidence presented to the jury offered the choice between the completed crime or no crime. Accordingly, the trial court was not required to charge on the lesser offense." *Howell v. State*, 278 Ga. App. 634, 641(4) (629 SE2d 398) (2006), overruled on other grounds, *Hatley v. State*, 290 Ga. 480 (722 SE2d 67) (2012).

3. As discussed above, the jury returned guilty verdicts on each of the five counts of child molestation, and Hahn was sentenced on each count. Hahn argues that the trial court erred in not merging the convictions into a single count for sentencing purposes. We agree.

> It is a longstanding principle of Georgia law that a date or range of dates alleged in an indictment, without more, is not a material allegation of the indictment, and consequently, unless the indictment specifically states that the alleged dates are material, the State may prove that the alleged crime was committed on any date within the statute of limitation.

7

*Thomas v. State*, 352 Ga. App. 640, 642, (1) (835 SE2d 640) (2019).

Hahn was charged with five counts of child molestation. Each count of the indictment covered the same date range and alleged an identical manner of committing child molestation.[2] The only distinguishing factor between each count was language alleging that the act was "separate and distinct" from the remaining charges in the indictment. This Court expressly rejected this indictment framework in *Hunt v. State,* concluding that the defendant's sentences must merge where, as in the present case, the crimes occurred within a certain range of dates and the State was unable to make the date a material averment because the specific dates were unknown. 336 Ga. App. 821, 825 (1) (783 SE2d 456) (2016). Because Hahn may be sentenced on only one of the counts in the indictment, we therefore vacate Hahn's sentences and remand this case for re-sentencing consistent with this opinion.[3] Id.

---

[2]As a threshold matter, we note that this case involves no less than five discrete incidents of molestation that occurred over a period of ten months. An appellate court's review of merger questions involving the same offense, as a matter of course, triggers a unit of prosecution analysis. *Scott v. State*, 306 Ga. 507, 509-510 (2) (832 SE2d 426) (2019). Such an analysis does not affect the outcome here, as the issue remains the insufficiency of the indictment in distinguishing one incident from another.

[3] Hahn also argues that the trial court was required to split his sentence under OCGA § 17-10-6.2 (b). This argument is now moot because we have vacated his sentences.

4. Finally, Hahn contends that he was improperly subjected to a vindictive prosecution because the second indictment increased the charges fivefold. We disagree.

Nothing precludes the State from reindicting a defendant on additional or modified charges, as long as jeopardy has not attached to the first indictment. *Metts v. State*, 297 Ga. App. 330, 334 (2) (677 SE2d 377) (2009), overruled on other grounds, *Stephens v. State*, 289 Ga. 758 (716 SE2d 154) (2011). "An exception to this general rule exists where the subsequent indictment increases the severity of the charges in response to the defendant's exercise of certain procedural rights, which raises the appearance of retaliation or prosecutorial vindictiveness." Id. at 334-335.

Hahn was initially charged with aggravated child molestation and child molestation. After Hahn withdrew his guilty plea and demanded a jury trial, the prosecutor obtained a second indictment. However, there was no evidentiary hearing before the trial court regarding the allegation of prosecutorial vindictiveness, and the only evidence before the Court is a partial transcript of the hearing at which Hahn withdrew his plea. Further, while the second indictment included additional charges, it did not increase the severity of the crimes or the maximum sentence because the additional four counts were charged in a manner requiring that they be merged for

sentencing purposes. See Division 3, above. Accordingly, Hahn is not entitled to relief on this claim. See *Metts*, 297 Ga. App. at 335. See also *Lopez v. State*, 267 Ga. App. 178, 179 (598 SE2d 898) (2004) (recognizing that the focus of vindictive prosecution is on the State "increasing the *severity* of the charges following the exercise of certain procedural rights") (punctuation omitted; emphasis supplied).

*Judgment affirmed in part; vacated in part; and remanded with direction. Barnes, P. J., and Gobeil, J., concur.*