### 39808. YORK v. THE STATE.

JORDAN, Judge. Joe York was convicted of the offense of burglary. He filed a motion for new trial on the general grounds and one special ground in which he contended that there was no evidence or corroborating circumstance, independently of the testimony of Earl Foster, an alleged accomplice, which connected him with the crime or which could lead to an inference of his guilt. The exception is to the judgment denying his motion for new trial. *Held:*

The evidence, in substance, is as follows. Fred Williams testified that his place of business in Mt. Airy was broken into on the night of Wednesday, January 23, 1962, and that some beer, four or five dollars in change, two shotguns and some meat were taken. Earl Foster testified that he, Joe York and Roy Wade broke into the place of business in question and stole beer, shotguns and cigars; that Joe York took one of the guns home with him and that he and Joe York carried that gun to the home of Boots Wade (brother of Roy Wade) on Friday following the breaking and entering; that he had pleaded guilty to the offense and had been sentenced. A

GBI agent testified that he investigated the burglary and found the shotgun at the home of Roy Wade's brother in another county. A revenue agent testified that on the night of January 23 he stopped a car about two o'clock in the morning in Habersham County, which was driven by Roy Wade and occupied only by him. The defendant in his statement denied that he had ever been with Earl Foster on any night and that his only connection with Earl Foster was that on Friday morning following the incident Earl Foster came by his house and said he had some beer; that they went out in the woods and drank it; that Foster got "mad drunk" and was telling this "cause he got mad at me."

The record in this case is absolutely void of any testimony or circumstance which would in the slightest degree tend to connect the defendant with the crime charged or lead to an inference of his guilt, outside the testimony of the alleged accomplice. No other witness placed the defendant at or near the scene of the crime, no other witness even mentioned his name in his testimony, none of the stolen goods were found in his possession, and the other alleged accomplice did not testify. "The rule is well established that, to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt." *Price v. State*, 208 Ga. 695 (3a) (69 SE2d 253), and cases therein cited. See also *Allen v. State*, 215 Ga. 455 (111 SE2d 70), and *Wiggins v. State*, 80 Ga. App. 258 (3) (55 SE2d 842). Applying this rule to the instant case the verdict cannot stand. It was therefore error to refuse the grant of a new trial.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*

DECIDED NOVEMBER 13, 1962.

*Herbert B. Kimzey, Kimzey & Kimzey, Irwin R. Kimzey*, for plaintiff in error.

*Ben F. Carr, Solicitor General*, contra.