43694.   JOHNSON et al. v. THE STATE.

SUBMITTED JUNE 4, 1968—DECIDED OCTOBER 7, 1968.

*A. N. NeSmith, Lovejoy Boyer,* for appellants.

*Albert D. Mullis, Solicitor General,* for appellee.

QUILLIAN, Judge. ■ The appellants contend that Johnny Otis Rammage, a co-indictee, was an accomplice of the appellants in the larceny of the automobile for which they stand convicted; that, as such, their conviction would not be authorized unless the testimony of the accomplice was corroborated; that there was no testimony whatsoever to corroborate the accomplice's testimony regarding David Dempsey and Richard Smith.

If a witness sworn in a case is an accomplice, his testimony, without more, cannot convict. *York v. State,* 107 Ga. App. 6, 7 (128 SE2d 556) and *Price v. State,* 208 Ga. 695 (3a) (69 SE2d 253). However, only where the evidence shows conclusively that the witness was an accomplice and that no force or duress was used or threatened may the court conclude as a matter of law that the witness was an accomplice. *Perryman v. State,* 63 Ga. App. 819 (12 SE2d 388). If the jury believes from the evidence that the witness was not an accomplice, then his evidence standing alone may convict and this is true even though he was charged with the crime in the indictment. *Bernhard v. State,* 76 Ga. 613 (4). The trial judge submitted the fact as to whether Johnny Otis Rammage was an accomplice as a question of fact for the jury to determine. Although in this regard the evidence was conflicting, there was some evidence from which a jury might ascertain that the witness was not an accomplice. Thus, the trial judge did not err in overruling the general grounds and the special grounds of the motion for new trial which raised the issue in question.

■ The appellant Benny Ray Johnson contends that since the automobile larceny in Houston County occurred subsequently to that for which he was sentenced in the present case the imposition of a heavier sentence under *Code Ann.* § 26-2603 (B) (Ga. L. 1963, p. 295; Ga. L. 1965, p. 504; Ga. L. 1966, pp. 555, 557) was unauthorized. The statute provides: "Whenever any person shall have been previously convicted of the larceny of any motor vehicle as defined in an Act regulating traffic upon the streets and highways of the State of Georgia, . . . such person shall, upon the second conviction for any of such offenses,

■

be punished by imprisonment in the penitentiary for not less than five nor more than 10 years."

The Act further provides that after the jury determines the defendant is guilty of the offense charged, then evidence shall be presented as to "whether the defendant has been previously convicted of the larceny of any motor vehicle as provided in this section and, in the event this be the case, whether the current offense is the second, third or subsequent offense of the defendant." *Code Ann.* § 26-2603 (C) (2). In the event it is shown that the defendant has been previously convicted, "then the judge shall charge the jury that in setting sentence if this be the defendant's second conviction they shall set a sentence for a determinate number of years not less than five nor more than 10 years." *Code Ann.* § 26-2603 (C) (2).

The defendant was convicted of larceny of an automobile in Houston Superior Court on May 11, 1967, which was prior to November 17, 1967, the date of his conviction in the case sub judice. Nevertheless, the crime for which he was convicted in Houston Superior Court occurred on July 30, 1966, subsequent to the commission of larceny of the automobile on July 7, 1966, for which he was convicted in Bleckley Superior Court.

As pointed out in Anno., 24 ALR2d 1247, 1248, while some statutes refer to previous "offenses," others "convictions," and some fail to specifically provide as to chronological order of the commission and conviction of previous offenses, "regardless of the difference in phraseology, the preponderance of authority supports the view that the prior convictions, in order to be available for imposition of increased punishment of one as a habitual offender, must precede the commission of the principal offense, that is, the latest prosecution in point of time." This view is predicated on the proposition that, "although differing somewhat in language, the same principle is inherent in a habitual criminal statute, namely, that the legislature in enacting such a statute intended it to serve as a warning to first offenders and to afford them an opportunity to reform, and that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists in violations of the law

after conviction of previous infractions." See *Curtis v. State,* 102 Ga. App. 790, 801 (118 SE2d 264).

"Penal statutes are always construed strictly against the State and liberally in favor of human liberty." *Curtis v. State,* 102 Ga. App. 790, 801, supra; *Matthews v. Everett,* 201 Ga. 730, 735 (41 SE2d 148).

*Code Ann.* § 26-2603 by referring to evidence regarding whether the "current offense is the second, third or subsequent offense of the defendant," obviously intended that, in order for one to be punished for a second conviction, the first offense should be prior in time to the second. Here the facts show that the first "conviction" was for an "offense" which occurred subsequently to the "offense" for which the second "conviction" was obtained. Thus, construing the statute as a whole, strictly against the State and liberally in favor of the defendant, under the instant facts there was no evidence of a second conviction within the meaning of *Code Ann.* § 26-2603, and the trial judge should not have instructed the jury as to punishment under that provision. The trial judge erred in overruling Ground 4 of the amended motion for new trial.

*Judgment affirmed as to defendants Smith and Dempsey; reversed as to defendant Johnson. Bell, P. J., and Hall, J., concur.*