70682. GRAYER v. THE STATE.
(335 SE2d 483)

CARLEY, Judge.

Appellant was convicted of statutory rape and child molestation, and was sentenced to serve ten years in incarceration on each count. Appellant filed a motion for new trial and a motion for appeal bond. The trial court dismissed appellant's motion for appeal bond, finding that OCGA § 17-6-1 (d) was a statutory preclusion to appellant's even being considered for an appeal bond.

Appellant's sole enumeration of error is that the trial court erred in dismissing his motion for appeal bond. OCGA § 17-6-1 (d) provides in pertinent part as follows: "No appeal bond shall be granted to any person who has been convicted of murder, rape, armed robbery, kidnapping, or aircraft hijacking and who has been sentenced to serve a period of incarceration of seven years or more. The granting of an appeal bond to a person who has been convicted of any other crime shall be in the discretion of the convicting court." Based upon the clear language of OCGA § 17-6-1 (d), if appellant has been convicted of one of the offenses enumerated therein and has been sentenced to serve a period of incarceration of seven years or more, he may not be granted an appeal bond. It is undisputed that appellant "has been sentenced to serve a period of incarceration of seven years or more." The question of first impression before this court is whether, having

---

* Judge Beasley filed a dissenting opinion on motion for rehearing. See p. 899.

been convicted of *statutory rape,* appellant has been convicted of one of the offenses listed in OCGA § 17-6-1 (d), so as to be precluded from consideration for an appeal bond.

The State contends that appellant, having been convicted of statutory rape, was convicted of rape, which offense is specifically enumerated in OCGA § 17-6-1 (d). The State's assertion is merely that "rape is rape," and that statutory rape is "child rape." While we acknowledge the semantical logic behind the State's contention, it is the case law, relevant statutes, and rules of statutory construction which determine whether the offense of statutory rape was intended to be encompassed within OCGA § 17-6-1 (d).

The State asserts that a conviction of statutory rape requires, as additional proof, that the victim was a child under the age of fourteen. OCGA § 16-6-3. However, entirely unlike statutory rape, a conviction of rape requires the additional proof of *force,* regardless of the age of the victim. OCGA § 16-6-1. " 'Statutory rape differs from common-law rape in that (1) the assent of the female does not relieve the act of its criminal character, because the female is incapable, by reason of the statutory inhibition, of giving consent to the act; and (2) *force,* actual or constructive, is not an element of the offense.' " (Emphasis supplied.) *Drake v. State,* 239 Ga. 232, 234 (236 SE2d 748) (1977). "Clearly, *these are two separate offenses, each requiring proof of different elements.*" (Emphasis supplied.) *Hill v. State,* 246 Ga. 402, 405 (271 SE2d 802) (1980).

The State relies upon an analogy, contending that, for purposes of OCGA § 17-6-1 (d), murder would include felony murder. However, murder includes felony murder by *statutory definition.* "A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c). In contrast, statutory rape is not included in the statutory definition of rape, but is in fact designated as an entirely separate offense. "[S]tatutory rape is not really 'rape' at all. . . ." *Drake v. State,* supra at 233. Accordingly, the State's analogy fails.

Moreover, "[t]he cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. [Cit.] All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, . . . and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference *to other statutes* and decisions of the courts. [Cits.]" (Emphasis supplied.) *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1, 9 (178 SE2d 868) (1970). Since statutory rape is a separate and distinct offense under our criminal code, we must conclude that the General

Assembly was fully aware of this fact and that it purposefully chose not to include statutory rape in the list of offenses enumerated in OCGA § 17-6-1 (d). There is no indication that when it enacted OCGA § 17-6-1 (d) the legislature intended that the meaning of the offense of rape which is defined in OCGA § 16-6-1, be broadly construed so as to include statutory rape as defined in OCGA § 16-6-3. "[W]hen there is nothing in the enactment to indicate that the words used were to have a new and different meaning they should be construed as having the same meaning that was attached to them before the enactment. [Cits.]" *Buckhead Doctors' Bldg. v. Oxford Fin. Cos.*, 115 Ga. App. 52, 55 (153 SE2d 650) (1967). Finally, we note that " '[p]enal statutes are always construed strictly against the State and liberally in favor of human liberty.' [Cit.]" *Johnson v. State*, 118 Ga. App. 448, 451 (164 SE2d 353) (1968).

Accordingly, based upon the foregoing rules of construction, we find that as used in OCGA § 17-6-1 (d), "rape" does not also include the offense of statutory rape. Therefore, the trial court erred in ruling that under OCGA § 17-6-1 (d) appellant could not be considered for appeal bond. Instead, the granting of an appeal bond to appellant "shall be in the discretion of the convicting court." OCGA § 17-6-1 (d). A hearing should be held on the question of appellant's custody pending final decision on appeal. See *White v. State*, 146 Ga. App. 147 (245 SE2d 870) (1978); *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976).

*Judgment reversed and case remanded with direction. Banke, C. J., Sognier, Pope, Benham, and Beasley, JJ., concur. Deen, P. J., McMurray, P. J., and Birdsong, P. J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

I respectfully enter my dissent to the majority's conclusion that because "statutory" rape is a distinct and separate crime from rape, the prescribed denial of appeal bond in a case of "rape" in OCGA § 17-6-1 (d) has no application to the crime of statutory rape.

My disagreement does not lie in the obvious fact that rape and statutory rape are separate crimes and require proof of different elements any more than I could not disagree that malice murder and felony murder are different offenses in that the two crimes also require proof of different offenses.

However, notwithstanding the majority's efforts to show by a statutorily prescribed similarity in type in malice murder and felony murder as distinguished from the lack of a statutorily prescribed similarity in rape and statutory rape, the similarities simply will not evaporate. Malice murder involves an unlawful killing of another with premeditation and an evil heart. Felony murder eliminates the requirement for malice (i.e., premeditation) because the law traditionally has recognized that one who has the requisite evil mind and pro-

pensity to commit a felony is also likely (to the satisfaction of proof thereof in the eyes of the law) to possess the malice sufficient to kill regardless of the actual intent to do so. Likewise, rape involves the unlawful and illicit carnal intercourse by a male with a female not his wife against her will as manifested by force or fear. Statutory rape in all respects also requires the unlawful and illicit carnal intercourse by a male with a female not his wife. The only distinction is the absence of force or fear, and the law traditionally has supplied the element "against her will" by the legal presumption that a child under the age of 14 cannot consent whether there is or is not present force or fear. Thus, the state's argument that murder is murder, rape is rape, and robbery is robbery, etc., is a persuasive and controlling argument. I would affirm the trial court's denial of the appeal bond.

I respectfully dissent. I am authorized to state that Presiding Judge Deen and Presiding Judge McMurray join in this dissent.

DECIDED SEPTEMBER 26, 1985.

*Susan C. Janowski*, for appellant.
*Harry D. Dixon, Jr.*, District Attorney, *Richard E. Currie*, Assistant District Attorney, for appellee.