### A09A2238. MATLOCK v. THE STATE.
(690 SE2d 489)

MILLER, Chief Judge.

A jury found James Larry Matlock guilty of a single count each of aggravated child molestation (OCGA § 16-6-4 (c)), rape (OCGA § 16-6-1 (a)), and cruelty to children (OCGA § 16-5-70). Matlock appeals from the denial of his motion for new trial, claiming that the evidence was insufficient to sustain his rape conviction. Discerning no error, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation omitted.) *Osborne v. State*, 291 Ga. App. 711 (1) (662 SE2d 792) (2008).

So viewed, the evidence showed that in December 2000, the 12-year-old female victim lived with her mother, a man named Patrick Harper, who she referred to as "dad" and Matlock, who she referred to as "Uncle Larry," in Matlock's house. The victim testified that Matlock "molested" her, by touching her "in places he shouldn't have" and that he did so "several times." Indicating that these events occurred in Matlock's bedroom at "night time" when her mother was asleep and her dad was out of town, the victim testified that Matlock would come to her bedroom and "get [her] out of [her]

---

bed," telling her "you need to come to my room." Once in Matlock's room, Matlock told the victim to take her clothes off and lay down on the bed, where he put his penis in her. She stated that "it hurt" when he did so, and if she moved, Matlock yelled at her and told her to "be still." Matlock also repeatedly put his fingers inside the victim's vagina, causing her pain. On one occasion, when the victim told Matlock that she would tell her parents about the incidents, Matlock threatened to kick them out of his house.

The victim's mother testified that her daughter told her father that Matlock touched her privates with his penis. A Paulding County Detective who interviewed the victim testified that she told him that Matlock put his penis inside her. Further, a Cobb County detective conducted a videotaped interview with the child, which the State introduced into evidence. The videotape depicted the victim telling the detective that Matlock put his penis inside her vagina twice and "pushed it in"; that he touched her breasts and her vagina with his hand multiple times; and when she refused the touchings, Matlock threatened to "put [them] out on the streets and they wouldn't have Christmas." Finally, Dr. Raymond Deeb, an emergency room pediatrician at Scottish Rite Hospital, testified that the victim told him that Matlock had put his penis inside of her two times.

Matlock contends that the evidence was insufficient to support his rape conviction because the State failed to prove force or penetration. We disagree.

"A person commits the offense of rape when he has carnal knowledge of . . . [a] female forcibly and against her will. . . . Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ." OCGA § 16-6-1 (a) (1).

> [O]nly minimal evidence of force is required in order to prove rape of a child, and intimidation may substitute for force. . . . Lack of resistance, induced by fear, is force, and may be shown by the victim's state of mind from her prior experience with the defendant and subjective apprehension of danger from him.

(Citations, punctuation and footnote omitted.) *Wightman v. State*, 289 Ga. App. 225, 228 (1) (656 SE2d 563) (2008).

Here, the victim's testimony that "it hurt" when Matlock pushed his penis in her vagina and that he threatened to put her family out of his house if she told her parents or if she refused sexual contact was more than sufficient evidence of force. OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Mora v. State*, 295 Ga. App. 641, 643 (1) (673 SE2d 23) (2009) (evidence that defendant warned victim that he would run her

out of the apartment if she told her mother sufficed to prove the element of force); *Gibbins v. State*, 229 Ga. App. 896, 898 (1) (495 SE2d 46) (1997) (defendant told victim if she told anyone about the sexual encounters, "she and her mother would be out on the streets"). Further, the jury was authorized to consider that the victim failed to initially disclose the incidents because she was fearful of Matlock and that Matlock yelled at the victim when she moved during intercourse as additional evidence of his forcible acts. *Wightman*, supra, 289 Ga. App. at 228 (1).

Moreover, the victim's testimony, together with her immediate and consistent outcry to her father, law enforcement, and an emergency room pediatrician, provided the jury with ample evidence of penetration. See *Wightman*, supra, 289 Ga. App. at 227 (1) (the penetration necessary to constitute rape "need be only slight and may be proved by indirect or circumstantial evidence") (citation, punctuation and footnote omitted). See also *Stulb v. State*, 279 Ga. App. 547, 550 (1) (631 SE2d 765) (2006) (defendant's admission that he attempted to have intercourse with victim and victim's statement that "it hurt" sufficed to show slight penetration). Accordingly, we conclude that the evidence was more than sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 29, 2010.

*David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.