### A10A1135. CHAVEZ v. THE STATE.
(701 SE2d 902)

DOYLE, Judge.

Following a jury trial, Jesus Camacho Chavez was convicted of aggravated child molestation[1] and child molestation.[2] Chavez appeals, arguing that the State failed to prove venue beyond a reasonable doubt. We affirm, for reasons that follow.

> We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict.[3]

So viewed, the evidence shows that in 2000 or 2001, B. P. and her family, including her husband and four children, lived with Chavez and his daughter in a three-bedroom, two-bathroom trailer on Athens Highway in Hall County. Two of B. P.'s sons, G. T. and J. T., were six and five years old, respectively, at the time. Four months later, B. P. and her family moved to a two-bedroom, two-bathroom trailer in the same trailer park.[4]

---

[1] OCGA § 16-6-4 (c).
[2] OCGA § 16-6-4 (a) (1).
[3] (Citations omitted.) *Preval v. State*, 302 Ga. App. 785 (1) (692 SE2d 51) (2010).
[4] There was no testimony regarding the county in which the two-bedroom trailer was located.

In 2002, B. P. found G. T. and J. T. under a blanket, "touching their private parts." When B. P. asked them who had taught them to do that, G. T. stated that Chavez "taught them." Because she "[did not] want to accept what was happening to [her] children," B. P. did not report the allegations. In 2003, the children's school told B. P. that G. T. had touched "the private parts" of another child. When B. P. asked what had happened, G. T. repeated his previous allegations regarding Chavez. Specifically, G. T. told his mother and a school counselor that Chavez touched G. T.'s privates and put his own "private" in G. T.'s hand and "backside." G. T. also reported that Chavez put his private in J. T.'s hand and mouth.

The State charged Chavez with child molestation and aggravated child molestation against G. T. and child molestation and aggravated child molestation against J. T. G. T., who was 13 years old at the time of the trial, testified against Chavez; J. T. did not testify. At the conclusion of the evidence, the jury found Chavez guilty of the crimes against G. T. and not guilty of the charges involving J. T.

On appeal, Chavez contends that the State failed to prove beyond a reasonable doubt that the crimes occurred in Hall County. We disagree.

The Georgia Constitution requires that a criminal defendant must be tried in the county in which the alleged crime was committed.[5]

> Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.[6]

"Whether the evidence as to venue satisfied the reasonable-doubt standard was a question for the jury, and its decision will not be set aside if there is any evidence to support it."[7]

Here, G. T. testified that the molestation took place in the two-bedroom trailer. Chavez argues that because there was no evidence that the two-bedroom trailer was in Hall County, the State failed to establish venue beyond a reasonable doubt. This argument

---

[5] See Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a).

[6] (Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000).

[7] (Punctuation omitted.) *Bynum v. State*, 300 Ga. App. 163, 167 (4) (684 SE2d 330) (2009).

overlooks B. P.'s testimony that the molestation occurred in the three-bedroom trailer that she and her family shared with Chavez, which trailer she testified was located in Hall County. Although the testimony of B. P. and G. T. is not entirely consistent, "the jury is solely responsible for judging the credibility of the witnesses, even on the issue of venue."[8] In addition to this testimony, an investigator for the Hall County Sheriff's Office investigated the allegations against Chavez.

> In light of the well-settled principle that public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise, the jury was authorized to find the [Hall County investigator] acted within the territorial jurisdiction in which [he] testified [he was] employed.[9]

Therefore, "[t]he totality of the evidence sufficed to show venue in [Hall] County."[10]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 30, 2010.

*Kristin I. Jordan*, for appellant.
*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney*, for appellee.

---

[8] *Ortiz v. State*, 295 Ga. App. 546, 548 (1) (672 SE2d 507) (2009). See *Bynum*, 300 Ga. App. at 167 (4).

[9] (Punctuation omitted.) *Scott v. State*, 302 Ga. App. 111, 112 (1) (a) (690 SE2d 242) (2010). Compare *Miller v. State*, 298 Ga. App. 792, 795 (2) (681 SE2d 225) (2009) (noting that evidence of an investigating officer's county of employment is insufficient standing alone to prove venue).

[10] *Scott*, 302 Ga. App. at 112 (1) (a). See *Miller*, 298 Ga. App. at 795 (2); *Ortiz*, 295 Ga. App. at 548 (1).