**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

February 5, 2013

# In the Court of Appeals of Georgia

A12A2229. BROWN v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Rolando Brown was convicted of two counts of rape (OCGA § 16-6-1 (a) (1)) and one count of child molestation (OCGA §16-6-4 (a) (1)). Brown appeals from the denial of his motion for new trial, contending that the trial court erred (1) in not directing a verdict on the two rape counts; (2) in failing to charge the jury that they could consider the offense of statutory rape as a lesser included offense of rape; and (3) in limiting Brown's closing argument. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to

the guilty verdict." (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

So viewed, the evidence shows that Brown began living in Gwinnett County with the victim and her mother when the victim was eight years old. The victim testified at trial that in the summer of 2009, Brown came into her bedroom, took off both his and the victim's pants and underwear, and touched the inside of the victim's vagina with his penis, hurting her and causing her to bleed. The victim testified that Brown engaged in sexual intercourse with her on five or six occasions, and on the second occasion, it hurt "a little bit." The victim described that in each incident, Brown entered her room when she was alone and her mother was not at home, took off her cloths and put his penis inside her vagina. The victim stated that she was afraid of Brown, did not want these incidents to happen, and wanted Brown to stop. However, the victim did not tell anyone about the incidents at that time because she was afraid of Brown and did not want to break up her family or end up homeless.

In October 2009, the victim went to a clinic because she was vomiting and feeling sick. A pregnancy test confirmed that the victim was pregnant. The victim reported that Brown was the father of the unborn child. The victim later terminated the pregnancy. The fetus was sent to the Georgia Bureau of Investigation crime lab,

2

where a DNA test revealed that there was a 99.9999 percent probability that Brown was the father.

Brown was charged with and convicted of two counts of rape and one count of child molestation. The trial court denied Brown's motion for new trial.

1. Brown contends that the trial court erred in failing to grant a directed verdict as to the rape counts, because there was no evidence of force. We disagree.

"It is well-settled in Georgia that there is no error in denying a defendant's motion for a directed verdict of acquittal where the evidence is sufficient to authorize a rational jury to find the defendant guilty beyond a reasonable doubt." (Citations and punctuation omitted.) *Davis v. State*, 292 Ga. App. 782, 783-784 (1) (666 SE2d 56) (2008).

> "A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. . . . OCGA § 16-6-1 (a) (1). [T]his language requires the State to show not only that the act was performed without the consent of the female but also that it was performed forcibly which refers to acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation."

Citations, punctuation, and footnote omitted.) *Bradberry v. State*, 297 Ga. App. 679, 680-681 (1) (678 SE2d 131) (2009).

3

"Only minimal evidence of force is required in order to prove rape of a child, and intimidation may substitute for force. Lack of resistance, induced by fear, is force, and may be shown by the victim's state of mind from her prior experience with the defendant and subjective apprehension of danger from him." (Citations and punctuation omitted).

*Matlock v. State*, 302 Ga. App.173, 174 (690 SE2d 489) (2010). Furthermore, "the state need not show that a victim was physically injured to prove rape." (Citation, punctuation and footnote omitted.) *Pendley v. State*, 308 Ga. App. 821, 823 (1) (b) (709 SE2d 18) (2011); see also *Harvey v. State*, 295 Ga. App. 458, 460 (671 SE2d 924) (2009).

Here, the victim testified that during the first incident of sexual intercourse, Brown hurt her and caused her to bleed. She further stated that it hurt "a little bit" the second time Brown had sex with her. The victim also testified that she did not consent to having sexual intercourse with Brown, she was afraid of Brown, and she was afraid her family would break up and she would end up homeless if she reported the sexual abuse. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. In this case, the victim's testimony provided evidence of force necessary to support Brown's rape convictions. See *Matlock*, supra, 302 Ga. App. at 174 (holding that victim's testimony that it hurt when defendant pushed his penis in

4

her vagina and that he threatened to evict her family from his house was sufficient evidence of force); *Pendley*, supra, 308 Ga. App. at 823 (1) (b) (evidence of forcible rape established by victim's testimony that it hurt when defendant pushed his penis partly into her vagina, that she did not want him to do so, and that defendant threatened her to keep quiet.) Thus, the trial court did not err in denying Brown's motion for a directed verdict on the rape charges.

2. Brown contends that the trial court erred in failing to charge the jury that they could consider the offense of statutory rape as a lesser included offense of rape.[1] We discern no error.

Rape and statutory rape are separate offenses, requiring proof of different elements. See *Grayer v. State*, 176 Ga. App. 248, 249 (335 SE2d 483) (1985). A statutory rape conviction requires proof that the victim was under the age of 16 years. See OCGA § 16-6-3 (a). A rape conviction requires proof of force, regardless of the victim's age, unless the victim is under age 10. See OCGA § 16-6-1 (a); see also *Grayer*, supra, 176 Ga. App. at 249. The trial court did not err in failing to give the

---

[1] Brown relies on *Hill v. State*, 295 Ga. App. 360 (671 SE2d 853) (2008), which this Court specifically overruled in *Stuart v. State*, 2012 Ga. App. LEXIS 1008 (734 SE2d 814) (November 28, 2012).

requested charge, because statutory rape is not a lesser included offense of forcible rape. See, e.g., *Mangrum v. State*, 285 Ga. 676, 680 (5) (681 SE2d 130) (2009).

3. Brown contends that the trial court erred in limiting his closing argument by refusing to allow him to argue that the jury could not consider statutory rape because that offense had not been charged. We disagree.

"[T]he scope of closing argument is broad, [but] it is not unlimited, and the trial court has discretion to determine the range of proper closing argument." (Citation, punctuation and footnote omitted.) *Lipsey v. State*, 287 Ga. App. 835, 838 (3) (652 SE2d 870) (2007). It is well established that closing argument must be derived from evidence properly before the factfinder. See *Morgan v. State*, 267 Ga. 203, 206 (3) (476 SE2d 747) (1996); *Williams v. State*, 279 Ga. 600, 601-602 (2) (619 SE2d 649) (2005). Moreover, in determining the scope of closing argument, "[a]ttorneys for the parties should not be allowed to supplement the court's charge by quoting law during closing argument which is not going to be charged by the court." (Citations and punctuation omitted.) *Robinson v. State*, 215 Ga. App. 125, 127 (3) (449 SE2d 679) (1994). In limiting Brown's closing argument, the trial court correctly determined that it is the court's responsibility to charge the law. The trial court also properly

6

determined that it would be inappropriate to allow Brown to argue in closing about a separate offense or indictment that was not before the jury for consideration.

*Judgment affirmed. Ray and Branch, JJ., concur.*